**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 2, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

STEPHEN JONES,

      Plaintiff - Appellant,

v.

J. KEVIN STITT; PAUL ZIRIAX,

      Defendants - Appellees.

-------------------------------

THE OKLAHOMA HOUSE OF
REPRESENTATIVES; THE
OKLAHOMA SENATE,

      Amici Curiae.

No. 22-6094
(D.C. No. 5:22-CV-00278-HE)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. See Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Stephen Jones challenges the district court's order dismissing his Seventeenth Amendment claims for lack of standing and alternatively rejecting such claims on their merits. For the reasons explained below, we dismiss Jones's appeal as moot.

## Background

In late February 2022, Oklahoma's U.S. Senator James Inhofe announced in a letter to Oklahoma's secretary of state that he would retire on January 3, 2023, rather than serve out the remainder of his term, which runs until January 2027. In the letter, Inhofe invoked an Oklahoma procedure that permits a U.S. senator to file an irrevocable resignation letter before the actual resignation date, thereby allowing Oklahoma to conduct the necessary special elections to fill the anticipated vacancy ahead of time. *See* Okla. Stat. tit. 26, §§ 12-101, -119. On March 1, 2022, in response to Inhofe's letter, Oklahoma's governor issued a proclamation setting the special-election dates for Inhofe's replacement: a special primary election on June 28, 2022; a special runoff primary election, if necessary, on August 23, 2022; and special general election on November 8, 2022.

A month after the proclamation, Jones filed this action against Oklahoma's governor and the secretary of the state election board (together, defendants), challenging Oklahoma's vacancy procedures.[1] Jones invoked the Seventeenth Amendment, which provides for replacement elections "[w]hen vacancies happen" in the Senate. Specifically, his complaint asserted that Oklahoma's 2022 special

---

[1] He first attempted to challenge the vacancy procedures at the Oklahoma Supreme Court, but that court declined jurisdiction.

elections were unconstitutionally premature because Inhofe's letter created only an anticipated vacancy, not an actual vacancy. An actual vacancy would not happen, according to Jones, until the date Inhofe actually resigned. Jones contended that upon such date, the governor should appoint a temporary replacement until the next appropriate election cycle under Oklahoma law, which Jones reasoned would be 2024. Jones also attached to his complaint a letter asking the governor to appoint him to Inhofe's vacant seat pending that anticipated 2024 election cycle. As relief, Jones asked the district court to enter an order (1) preventing the 2022 special elections and (2) directing the governor to set the 2024 special elections and to appoint an interim senator to fill the gap.

Defendants moved to dismiss on the basis that Jones lacked standing and failed to state a claim. On June 1, 2022, the district court concluded that Jones lacked standing and dismissed the case for lack of jurisdiction. In the alternative, it rejected Jones's claims on the merits.

Jones appealed on June 9. After he filed his optional reply brief on September 23, his appeal was placed on our January 2023 oral-argument calendar (though submitted on the briefs). On November 23, 2022, because the special elections Jones sought to prevent had already occurred, we ordered supplemental briefing on mootness.[2]

---

[2] Jones did not seek to expedite this appeal until December 14, 2022—well after the November 8, 2022 special general election that he sought to prevent and a week after he filed his supplemental brief arguing against mootness. And he only sought to expedite in the alternative; his motion primarily sought an injunction

## Analysis

We review mootness de novo.[3] *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1181 (10th Cir. 2012). Mootness is a "jurisdictional doctrine originating in Article III's 'case' or 'controversy' language."[4] *Id.* at 1182; *see also* U.S. Const. art. III, § 2, cl. 1. "In considering mootness, we ask 'whether granting a present determination of the issues offered will have some effect in the real world.'" *Fleming v. Gutierrez*, 785 F.3d 442, 444–45 (10th Cir. 2015) (emphasis omitted) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010)). Accordingly, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case[] rather than issue an advisory opinion." *Id.* at 445 (quoting *Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 768 (8th Cir. 2014)). We "must decide whether a case is moot as to 'each form of relief sought.'" *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019)).

---

prohibiting Oklahoma's governor from certifying the election results pending the outcome of his appeal. We denied that motion on December 29.

[3] We choose to begin with mootness even though the district court dismissed Jones's claims for lack of standing because "[t]here is no mandatory 'sequencing of nonmerits issues'" like these. *Citizen Ctr. v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014) (alteration in original) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

[4] Mootness also has prudential element that can come into play "if events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012). We need not decide whether prudential mootness is also at issue here.

Here, Jones seeks to prevent the special election and to impose his preferred procedure: He requests an injunction ordering defendants to cancel the November 2022 election, to hold a special election in 2024 following Inhofe's actual resignation, and to appoint a temporary replacement pending the results of the 2024 election. The mootness of Jones's attempt to prevent the November 2022 special election is obvious—such election has already taken place. *See Fleming*, 785 F.3d at 445 (finding appeal challenging election moot "because the election ha[d] passed and we c[ould not] grant any effective relief"). Moreover, Inhofe resigned as planned on January 3, 2023, and Markwayne Mullin (the winner of the 2022 special general election) was sworn in the same day.[5] Thus, we cannot effectively order defendants to appoint a temporary replacement for Inhofe or to hold another special election to fill that seat; such order would have no effect in the real world. *See Rio Grande*, 601 F.3d at 1110. And to the extent that Jones seeks a declaration that the 2022 special election violated his right to vote or his right to seek a temporary appointment, such declaration would not "affect[] the behavior of the defendant[s] toward the plaintiff"—the election has occurred and there is no vacancy to be filled by temporary appointment. *Id.* at 1109–10 (quoting *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994)).

Jones offers no meaningful response to these conclusions; nor does he invoke

---

[5] We take judicial notice of these facts. *See Schaffer v. Clinton*, 240 F.3d 878, 885 n.8 (10th Cir. 2001) (taking judicial notice of election results); 169 Cong. Rec. S3, S5 (Jan. 3, 2023) (noting Inhofe's resignation, certification of Mullin's election, and Mullin's swearing in).

any exceptions to mootness. On the contrary, he effectively conceded mootness in his belated December 14, 2022 motion, acknowledging that after Mullin's swearing in "on January 3, 202[3], . . . the issues underlying this appeal will effectively evade judicial review." Emergency Mot. 8. Likewise, Jones's supplemental mootness brief implicitly makes the same concession by asserting that we could grant relief despite Mullin's election because Mullin would not formally replace Inhofe until January 3, 2023. Given that both November 8, 2022, and January 3, 2023, have come and gone, Jones's appeal is moot.

### Conclusion

Because none of the relief Jones seeks would have any effect in the real world, we dismiss Jones's appeal as moot. *See Fleming*, 785 F.3d at 444–45. We do so without vacating the judgment below because the mootness here is the result of Jones's failure to expedite his appeal. *See Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) (explaining that "[v]acatur is generally not appropriate when mootness is a result of a voluntary act of a nonprevailing party").

Entered for the Court

Nancy L. Moritz
Circuit Judge